FEB 27 2020 PM 12:38
FILED-USDC-CT-NEW HAVEN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-18-2

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:19CR180 (RNC) |
| v. | VIOLATIONS: |
| TOMMY JULIUS, a/k/a "General" and "J"<br>FRANK CARR, a/k/a "FL"<br>WANDA CARTER, a/k/a "WaWa"<br>MATTHEW MOORE, a/k/a "Matt"<br>TYRESE STANLEY, a/k/a "Scoot"<br>SHAWN HILL, a/k/a "SB"<br>ERIC YOPP, a/k/a "E-Love" | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(B)(iii), 841(b)(1)(C), and 846 (Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine Base, Cocaine and Heroin)<br><br>21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 841(b)(1)(C) and 846 (Conspiracy to Distribute and to Possess with Intent to Distribute Heroin)<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Possession with Intent to Distribute and Distribution of 28 Grams or More of Cocaine Base)<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Possession with Intent to Distribute and Distribution of a Controlled Substance)<br><br>21 U.S.C. § 853 (Criminal Forfeiture) |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine Base, Cocaine and Heroin)

1.   From approximately November 2018 through on or about July 10, 2019, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the

defendants TOMMY JULIUS, a/k/a "General" and "J"; FRANK CARR, a/k/a "FL"; WANDA CARTER, a/k/a "WaWa"; MATTHEW MOORE, a/k/a "Matt"; SHAWN HILL, a/k/a "SB"; ERIC YOPP, a/k/a "E-Love"; and "SG," whose identity is known to the Grand Jury but who is not charged herein as he is deceased; Carl Merritt, a/k/a "C"; Prishonna Turner, a/k/a "Nonnie"; Mervin Brandy; Brian Backman, Sr., a/k/a "B", "NYB" and "New York B"; Anderson Atkinson, a/k/a "Barry"; Charles Bunch, a/k/a "June"; Jeffrey Brazier, a/k/a "E"; Eric Burruss, a/k/a "E"; Jeffon Suggs, a/k/a "Neff"; Sharmaine Crosley, a/k/a "Shar"; Jessenia Roman, a/k/a "Red"; Theodore Smith, a/k/a "Ted"; Gerard Senior, Shavar Bellamy, a/k/a "Lil B," "LB," and "Little Black"; and Shaun Armstrong, who are separately charged, together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that the defendants TOMMY JULIUS, FRANK CARR, WANDA CARTER, MATTHEW MOORE, SHAWN HILL, and ERIC YOPP, and S.G., whose identity is known to the Grand Jury but who is not charged herein as he is deceased, Carl Merritt; Prishonna Turner; Mervin Brandy; Charles Bunch,; Brian Backman, Sr., Anderson Atkinson, Jeffrey Brazier, Eric Burruss, Jeffon Suggs, Sharmaine Crosley, Jessenia Roman, Theodore Smith, Gerard Senior, Shavar Bellamy, and Shaun Armstrong, who are separately charged, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, namely cocaine base ("crack cocaine"), cocaine, and heroin, in violation of Title 21, United States Code, Section 841(a)(1).

Cocaine Base Quantity Allegations

3. Defendants TOMMY JULIUS, FRANK CARR, MATTHEW MOORE, and ERIC YOPP knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(B)(iii).

4. Defendants WANDA CARTER and SHAWN HILL, knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(C).

Cocaine Quantity Allegations

5. Defendant FRANK CARR knew from his own conduct as a member of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(B)(ii).

6. Defendant TOMMY JULIUS knew from his own conduct as a member of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved a mixture and substance containing a

detectable quantity of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(C).

Heroin Quantity Allegations

7. Defendants TOMMY JULIUS, FRANK CARR, MATTHEW MOORE, and SHAWN HILL knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved a mixture and substance containing a detectable quantity of heroin, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Conspiracy to Distribute and to Possess with Intent to Distribute Heroin)

8. From approximately May 14, 2019 through on or about June 16, 2019, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendant TYRESE STANLEY, a/k/a "Scoot," and Brian Backman, a/k/a "B," "NYB" and "New York B"; Anderson Atkinson, a/k/a "Barry"; Melvin Roberts, a/k/a "Psycho" and "Mel"; Jamaine Jackson, a/k/a "Jack"; and Dena Draughn, who are separately charged, together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

9. It was a part and an object of the conspiracy that the defendant TYRESE STANLEY, and Brian Backman, Anderson Atkinson, Melvin Roberts, Jamaine Jackson, and Dena Draughn, who are separately charged, together with others known and unknown to the Grand Jury,

would distribute and possess with intent to distribute a controlled substance, namely heroin, in violation of Title 21, United States Code, Section 841(a)(1).

10. Defendant TYRESE STANLEY knew from his own conduct as a member of the narcotics conspiracy charged in Count Two and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE
(Possession with Intent to Distribute Heroin)

11. On or about April 3, 2019, in the District of Connecticut, the defendant TOMMY JULIUS, a/k/a "General" and "J," did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR
(Possession with Intent to Distribute and Distribution of Cocaine and Cocaine Base)

12. On or about May 1, 2019, in the District of Connecticut, the defendant FRANK CARR, a/k/a "FL," did knowingly and intentionally possess with intent to distribute and did distribute mixtures and substances containing detectable amounts of cocaine and cocaine base ("crack cocaine"), both Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIVE
(Possession with Intent to Distribute and Distribution of Cocaine)

13. On or about May 6, 2019, in the District of Connecticut, the defendant FRANK CARR, a/k/a "FL," did knowingly and intentionally possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX
(Possession with Intent to Distribute and Distribution of 28 Grams or More of Cocaine Base)

14. On or about May 23, 2019, in the District of Connecticut, the defendant FRANK CARR, a/k/a "FL," did knowingly and intentionally possess with intent to distribute and did distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT SEVEN
(Possession with Intent to Distribute and Distribution of 28 Grams or More of Cocaine Base)

15. On or about June 6, 2019, in the District of Connecticut, the defendant FRANK CARR, a/k/a "FL," did knowingly and intentionally possess with intent to distribute and did distribute a mixture and substance containing 28 grams or more of a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT EIGHT
(Possession with Intent to Distribute and Distribution of Cocaine Base and Heroin)

16. On or about June 12, 2019, in the District of Connecticut, the defendant FRANK CARR, a/k/a "FL," did knowingly and intentionally possess with intent to distribute and did distribute mixtures and substances containing detectable amounts of cocaine base ("crack cocaine"), a Schedule II controlled substance, and heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT NINE
(Possession with Intent to Distribute Cocaine)

17. On or about November 26, 2019, in the District of Connecticut, the defendant ERIC YOPP, a/k/a "E-Love," did knowingly and intentionally possess with intent to distribute cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

18. Upon conviction of one or more of the controlled substance offenses alleged in Counts One through Nine of this Second Superseding Indictment, the defendants TOMMY JULIUS, a/k/a "General" and "J"; FRANK CARR, a/k/a "FL"; WANDA CARTER, a/k/a "WaWa"; MATTHEW MOORE, a/k/a "Matt"; TYRESE STANLEY, a/k/a "Scoot"; SHAWN HILL, a/k/a "SB"; and ERIC YOPP, a/k/a "E-Love," shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these violations and a sum of money

equal to the total amount of proceeds obtained as a result of the offenses, including, without limitation, $4,940 in U.S. currency seized from TOMMY JULIUS on or about July 10, 2019, $2,480 in U.S. currency seized from FRANK CARR on or about July 10, 2019, and one box of Winchester 380 ammunition seized at 60 Connolly Pkwy., Hamden, CT on or about July 10, 2019.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## SECTION 851 INFORMATION

20. Pursuant to Title 21, United States Code, Sections 841(b)(1)(A), (b)(1)(B), (b)(1)(C) and 851, upon conviction of one or more of the offenses charged in Counts One, Four, Five, Six, Seven, and Eight of this Second Superseding Indictment, the defendant FRANK CARR, a/k/a "FL," is subject to enhanced penalties as he has been previously convicted of a serious drug felony, as defined by Title 21, United States Code, Section 802(57) as set forth more specifically in paragraph 21 below.

21. On or about January 3, 2013, the defendant FRANK CARR was convicted in the United States District Court for the District of Connecticut, Docket No. 3:12CR53(AWT), of

Possession with Intent to Distribute and Distribution of Heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C), which at the time was punishable by up to 20 years of imprisonment and for which the defendant was sentenced to a term of 63 months of imprisonment and a five-year term of supervised release. On or about November 16, 2015, after having served more than 12 months of that sentence, the defendant FRANK CARR was released from this term of imprisonment.

All in accordance with Title 21, United States Code, Sections 802(57), 841(b)(1)(A), (b)(1)(B), (b)(1)(C) and 851.

A TRUE BILL

/s/
_____
FOREPERSON

UNITED STATES OF AMERICA

_____
LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

_____
ANTHONY E. KAPLAN
ASSISTANT UNITED STATES ATTORNEY

_____
PETER D. MARKLE
ASSISTANT UNITED STATES ATTORNEY

_____
ELENA L. CORONADO
ASSISTANT UNITED STATES ATTORNEY

9